## J. A. Kemp v. Northern Trust Co.

1. EVIDENCE—*Inadmissible to Show that an Officer's Return on His Process is Incorrect.*—The rights of the parties under a process are fixed by the officer's return as it appears of record, and if it is false he can ordinarily correct it, and testimony is inadmissible to show that such return is incorrect.

2. CHECKS—*Are Assignable Instruments.*—In this state a check is an assignable instrument and suit may be brought thereon by any holder to whom it has been assigned in due course of business.

Garnishment.—Error to the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed and remanded. Opinion filed June 5, 1903. Rehearing denied June 16, 1903.

December 31, 1900, one Fred Bender delivered to Sticks & Co. his check for $350, drawn upon the Northern Trust Company, a banking corporation, having at the time said check was drawn and also when presented to it for payment, more than $350 standing to the credit of Bender and subject to his check. January 2, 1901, Reid, Murdoch & Company began an attachment suit before a justice of the peace against Lizzie J. Sticks and Daniel C. Sticks for $200, in which attachment suit the Northern Trust Company was served as garnishee upon an alleged indebtedness by it to Sticks & Company for $200. Upon the morning of January 2d, this check was, at the instance of J. A. Kemp, cashed by John V. Farwell Company, Kemp procuring the cashing of it by the John V. Farwell Company upon the request of Sticks & Company. The John V. Farwell Company caused the check to be presented to the Northern Trust Company for payment, which was refused because before such presentation the trust company had been garnisheed as aforesaid. Thereupon Kemp brought suit against the trust company and recovered in the court below a judgment for $131.30, being the balance standing to the credit of Bender, the maker of the check, after deduction of $200 from his account, being the sum for which the trust company was garnisheed.

Upon the trial the defendant below, the Northern Trust Company, was permitted to show by the officer who served the process upon it, that his return upon the process he served upon the trust company on the third day of January, 1891, was incorrect, and that it was really served on the morning of January 2, 1903, at three minutes to ten o'clock.

AMERICUS B. MELVILLE, attorney for plaintiff in error.

COLSON & JOHNSON, attorneys for defendant in error.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

The testimony admitted by the court below to show that the officer's return on his process was incorrect should not have been admitted. An officer is bound by his return. If it is erroneous, or, as it is spoken of in the books, is a false return, he is ordinarily entitled to correct it. No application was made in the court below by the officer to correct his return. It still stands of record that he served the garnishee process upon the defendant on the morning of January 3d. The rights of the parties under such process are fixed by his return. If it be false, as before stated, ordinarily he may correct it, and at all events he is liable for the truthfulness of his return and the consequences of a false return. Murphree on Sheriffs, sections 867, 868, 873, 875, 876, 878.

The testimony upon the part of the plaintiff shows clearly that the check was cashed by Farwell & Company between eight and nine o'clock on the morning of January 2d. From the time of the cashing of such check there was no indebtedness by the Northern Trust Company to Sticks & Company.

It is argued by the defendant that the time at which it appears from the evidence the check was deposited by Farwell & Company shows that it could not have reached their hands until after ten o'clock on the morning of January 2d. The inference thus sought to be drawn can not prevail over the uncontradicted testimony of two witnesses to the effect

that the check was cashed between eight and nine o'clock upon the morning of January 2d. Such being the case, the judgment of the court below must be reversed as under the admissible evidence the plaintiff ought to have had a judgment for $331.30, the entire amount to the credit of Bender when the check was presented for payment.

In this state a check is an assignable instrument and suit may be brought thereon by any holder to whom it has been assigned in due course of business.

Upon another trial of this cause the question may arise whether a bank is subject to garnishment upon claims against each and every person who may at any time unknown to it have a check upon it, drawn by a depositor having to his credit in the bank funds equal to the amount of the check, and whether each person who advances money upon a check or takes it in payment of an indebtedness does so subject to any garnishment of the bank upon which it is drawn upon a claim against the person transferring the check or any previous stockholder thereof. As to this we express no·opinion, because such question has not been argued before the court.

The judgment of the Superior Court is reversed and the cause remanded.